UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. HOLTS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:20-CV-188-SPM ) |
| DANIEL KEEN, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

On April 3, 2012, petitioner pled guilty in the Circuit Court for the County of St. Louis to several counts of felony sexual assault, statutory rape in the second degree, statutory sodomy in the second degree, child molestation, and sexual misconduct in the second degree. On the same date, the Court sentenced petitioner to ten years imprisonment. Petitioner did not file a direct appeal. Nor did he seek post-conviction relief. *See State v. Holts*, No. 11SL-CR06748-01 (21st Jud. Cir., St. Louis Cty.).

Currently pending in the Circuit Court for St. Charles County is a petition brought pursuant to Missouri Revised Statutes §§ 632.480 through 632.513 to have petitioner declared a sexually violent predator. *See In re Robert A. Holts*, No. 1811-PR00207 (11th Jud. Cir., St. Charles Cty.). A trial has been set for July 15, 2020.

Petitioner filed the instant § 2254 petition on January 31, 2020, seeking to challenge his 2012 convictions in St. Louis County.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed more than seven years after petitioner's state court judgment of conviction became final. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 5th day of February, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE